Case 4:19-cv-01078 Document 15 Filed on 12/20/19 in TXSD Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
December 20, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAUL ORTEGA AND DAVID ROBERTS, § § § Plaintiffs, § § v. § § UNITED STATES DEPARTMENT § OF THE TREASURY, § § Defendant. § | CIVIL ACTION NO. H-19-1078 |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Defendant's Motion for Summary Judgment (Doc. 7) and Plaintiffs' Motion for Summary Judgment (Doc. 12). The court has considered the motions, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED** and Plaintiffs' motion be **DENIED**.

### I.  Case Background

Plaintiffs filed this lawsuit alleging that Defendant violated the Freedom of Information Act ("FOIA").[2]

### A. Factual Background

Since the early 1990s, the Federal Deposit Insurance Corporation, the Federal Reserve, and the National Credit Union

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 11, Ord. Dated July 3, 2019.

[2]   5 U.S.C. § 552.

Administration (collectively the "Federal Banking Agencies") have shared the cost and use of a small administrative law judge ("ALJ") pool.[3] The boards of the Federal Banking Agencies appoint the ALJs that are placed in the pool.[4] The appointed ALJs are stationed within the Office of Financial Institution Adjudication ("OFIA").[5] Currently, two ALJs have been appointed and serve as OFIA ALJs - C. Richard Miserendino ("Miserendino") and Christopher B. McNeil ("McNeil").[6] Also since the early 1990s, the Office of the Comptroller of the Currency (the "OCC") has used the OFIA ALJs.[7]

Plaintiffs are the respondents in a pending administrative proceeding initiated by the OCC on September 25, 2017, before ALJ McNeil.[8] Plaintiffs objected to ALJ McNeil's hearing of the proceeding under the Appointments Clause of the Constitution.[9]

On June 21, 2018, the Supreme Court issued its opinion in Lucia v. S.E.C., 138 S. Ct. 2044 (2018). In Lucia, the Supreme Court held that the appointment of the Security and Exchange Commission's ALJs must comply with the Appointments Clause. See id. at 2055. On August 21, 2018, as a result of the Lucia opinion,

---

[3] See Doc. 7-3, Ex. C to Def.'s Mot. for Summ. J., Oct. Mem. p. 2.
[4] See id. p. 3.
[5] See id. p. 2.
[6] See id.
[7] See id.
[8] See Doc. 1, Pls.' Compl. pp. 3-4.
[9] See id. p. 5.

the Comptroller of the Currency (the "Comptroller") issued an order that reaffirmed the OCC's decision to utilize OFIA ALJs and transferred Plaintiffs' administrative proceeding to ALJ Miserendino, who had allegedly been appointed in compliance with the Appointments Clause.[10] On August 30, 2018, Plaintiffs objected to ALJ Miserendino's authority to hear their administrative proceeding on the grounds that ALJ Miserendino had not been appointed in compliance with the Appointments Clause.[11]

On November 19, 2018, the OCC provided Plaintiffs with a document signed by Secretary of the Treasury, Steven T. Mnuchin's ("Mnuchin") that purported to ratify ALJs Miserendino and McNeil's appointments as OCC ALJs (the "Ratification").[12] The Ratification was dated November 15, 2018.[13]

On November 26, 2018, Plaintiffs filed the present FOIA request.[14] Plaintiffs requested any documents submitted contemporaneously with the Ratification and any documents provided to or reviewed by Mnuchin prior to his signing of the Ratification.[15] On February 15, 2019, Defendant responded to

---

[10] See Doc. 7-3, Ex. C to Def.'s Mot. for Summ. J., OCC Order pp. 22-24 of 31.

[11] See Doc. 1, Pls.' Compl. p. 6.

[12] See Doc. 1-2, Ex. A to Pls.' Compl., Mnunchin Ratification.

[13] See id.

[14] See Doc. 1-3, Ex. B-1 to Pls.' Compl., FOIA Request.

[15] See id.

Plaintiffs' FOIA request with thirteen pages of documents, some of which contained redactions.[16]  The documents produced consist of: (1) a two-page November 15, 2018 Action Memorandum addressed to Mnunchin; (2) an Action Memorandum Clearance Sheet; (3) the Ratification; (4) an October 17, 2018 Memorandum to Mnuchin from the OCC regarding the appointment of OCC ALJs (the "October Memorandum"); (5) Attachment One to the October Memorandum ("Attachment One"), which is completely redacted but is allegedly draft appointment language proposed by the OCC; and (6) the OCC's August 21, 2018 Order.

In a Vaughn Index[17] produced along with the redacted documents, Defendant explained what had been redacted and the FOIA exemption claimed for each redaction.[18]  There were five items listed in the Vaughn Index.[19]  Items One and Two explained that redactions were made from the November 15, 2018 Action Memorandum under the deliberative process privilege and attorney client privilege.[20] Item Three explained that two names were redacted from the Action Memorandum Clearance Sheet as they fell under FOIA's personal

---

[16]   See Doc. 1-3, Ex. B-6 to Pls.' Compl., Def.'s FOIA Resp.

[17]   Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).

[18]   See Doc. 7-2, Attachment 1 to Ex. 1 to Def.'s Mot. for Summ. J., Vaughn Index.

[19]   See id.

[20]   See id.

information exemption.[21] Item Four explained that multiple redactions were made from the October Memorandum because the redacted information fell under the deliberative process privilege.[22] Item Five explained that Attachment One was completely redacted because it fell under the deliberative process privilege.[23]

On February 18, 2019, Plaintiffs appealed Defendant's action on their FOIA request.[24] Defendant did not respond to Plaintiffs' administrative appeal and Plaintiffs filed the present suit for judicial review.

**B. Procedural Background**

Plaintiffs filed this lawsuit pursuant to FOIA on March 22, 2019.[25] See 5 U.S.C. § 552(a)(4)(B). On June 27, 2019, Defendant filed its pending motion for summary judgment.[26] On August 7, 2019, Plaintiffs filed its response to Defendant's motion and their pending motion for summary judgment.[27] On August 14, 2019, Defendant filed its reply in support of its motion for summary

---

[21] See id.

[22] See id.

[23] See id.

[24] See Doc. 1-3, Ex. B-7 to Pls.' Compl. FOIA Appeal.

[25] See Doc. 1, Pls.' Compl.

[26] See Doc. 7, Def.'s Mot. for Summ. J.

[27] See Doc. 12, Pls.' Resp. to Def.'s Mot. for Summ. J. and Mot. for Summ. J.

judgment.[28]  On November 21, 2019, the court ordered Defendant to produce unredacted copies of the October Memorandum and Attachment One for in camera review.[29]  On November 26, 2019, Defendant produced, in camera, unredacted copies of the October Memorandum and Attachment One.

## II.  Objections to Declaration

Defendant attached the Declaration of Paul Levitan ("Levitan Declaration") as an exhibit to its motion for summary judgment. The Levitan Declaration details the procedural background of Plaintiffs' FOIA request and explains the basis for each redaction made on the produced documents.  Plaintiffs object to the Levitan Declaration on the grounds that: (1) it is not based on Levitan's personal knowledge; (2) it is not in compliance with 28 U.S.C. § 1746; (3) it contains legal conclusions regarding the deliberative process privilege; and (4) Levitan has not submitted to a deposition.[30] Because the court has inspected the relevant documents in camera, it is unnecessary for the court to consider the Levitan Declaration in ruling on the parties' motions.  Accordingly, Plaintiffs' objections are **OVERRULED AS MOOT.**

---

[28]    See Doc. 13, Def.'s Reply in Support of Mot. for Summ. J.

[29]    See Doc. 14, Ord. Dated Nov. 21, 2019.

[30]    See Doc. 12, Pls.' Resp. to Def.'s Mot. for Summ. J. and Mot. for Summ. J. p. 16.

### III. Legal Standard

Generally, summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A., 759 F.3d 498, 504 (5th Cir. 2014). "In the FOIA context, however, the traditional standard is modified because 'the threshold question in any FOIA suit is whether the requester can even see the documents the character of which determines whether they can be released.'" Batton v. Evers, 598 F.3d 169, 175 (5th Cir. 2010)(quoting Cooper Cameron Corp. v. U.S. Dep't of Labor, OSHA, 280 F.3d 539, 543 (5th Cir. 2002)).

Where the agency withholds any agency records, the burden is on the agency to prove de novo that the withheld documents fall under a FOIA exemption listed in 5 U.S.C. § 552(b). 5 U.S.C. § 552 (a)(4)(B). "Thus, because the burden to establish an exemption remains with the agency, the district court should not grant summary judgment based on a conclusory and generalized assertion, even if the FOIA requester has not controverted that assertion." Batton, 598 F.3d at 175 (internal quotation marks omitted)(quoting Cooper Cameron Corp., 280 F.3d at 543).

In applying this standard, the court should be mindful of the purpose behind the FOIA. Id.

> The FOIA was enacted to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny. The exemptions to disclosure are explicitly limited by statute and should be construed narrowly. Thus, in a FOIA case, a court generally will grant an agency's motion for summary judgment only if the agency identifies the documents at issue and explains why they fall under exemptions.

Id. (internal citations and quotation marks omitted). "[I]n analyzing the affidavits and declarations submitted by the government, the agency is entitled to a 'presumption of legitimacy' unless there is evidence of bad faith in handling the FOIA request." Id. at 176 (quoting U.S. Dep't of State v. Ray, 502 U.S. 164, 179 (1991)). However, this presumption "does not relieve the withholding agency of its burden of proving that the factual information sought falls within the statutory exemption asserted." Id. (citing Stephenson v. I.R.S., 629 F.2d 1140, 1145 (5th Cir. 1980)).

**IV. Analysis**

Plaintiffs filed this lawsuit asserting that Defendant violated the FOIA by improperly redacting information from the produced documents. Defendant filed its motion for summary judgment arguing that it fully complied with the FOIA and summary judgment is appropriate. In Plaintiffs' response to Defendant's summary judgment motion, they narrow the scope of their lawsuit significantly. Plaintiffs only argue that the October Memorandum and Attachment One were improperly redacted because the

8

deliberative process privilege does not apply.[31] Plaintiffs have moved for affirmative summary judgment on this issue. Accordingly, the court's inquiry is limited to whether the deliberative process privilege is properly applied to the October Memorandum and Attachment One.

Exemption Five of the FOIA states that an agency may withhold "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency . . . ." 5 U.S.C. § 552 (b)(5). Defendant has invoked Exemption Five by arguing that the deliberative process privilege protects the October Memorandum and Attachment One.

"[The deliberative process privilege] covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated[.]'" Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001)(quoting N. L. R. B. v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975)). The reasoning behind the deliberative process privilege is "that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions, by protecting open and frank discussion among those who make them within the Government[.]" Id. at 8–9 (internal citations and quotation marks

---

[31] See Doc. 12 Pls.' Resp. to Def.'s Mot. for Summ. J. and Mot. for Summ. J. pp. 5, 10-16.

9

omitted).

The deliberative process privilege only applies where a document is both "predecisional" and "deliberative." Highland Capital Mgmt., LP v. Internal Revenue Serv., 3:18-CV-0181-G, 2019 WL 4748270, at *16 (N.D. Tex. Sept. 30, 2019)(citing Gahagan v. United States Citizenship and Immigration Services, No. 15-2540, 2017 WL 3393993 at *3 (E.D. La. Aug. 8, 2017). "A document is predecisional if it was generated before the adoption of an agency policy[, and a] document is deliberative if 'it reflects the give-and-take of the consultative process.'" Id. (citing Gahagan, 2017 WL 3393993 at *3).

Plaintiffs argue that the deliberative process privilege does not apply to the October Memorandum and Attachment one for the following reasons: (1) the deliberative process privilege does not protect secret appointments made under the guise of pre-decisional advice; (2) the deliberative process privilege cannot prevent scrutiny of a statutory or constitutional issue; (3) the October Memorandum and Attachment One are not pre-decisional; (4) the October Memorandum and Attachment One are not deliberative; (5) the deliberative process privilege is a qualified privilege and is overcome; (6) the deliberative process privilege is unconstitutional.[32]

---

[32] See id. pp. 10-16. The court notes that Plaintiffs seemingly attempt to litigate their Appointments Clause issues in this lawsuit. See id. pp. 5-10. This is a FOIA lawsuit. As Defendant correctly argues, Plaintiffs' extensive discussion of the Appointments Clause is not relevant to the court's FOIA

### A. <u>In Camera Review</u>

The court has conducted an in camera review of the October Memorandum and Attachment One. The court finds that the redacted portions of the October Memorandum are "interpretations of legal requirements and recommendations for [Mnunchin] to take certain actions[,]" as stated in the <u>Vaughn</u> Index. More specifically, the redacted portions of the October Memorandum deal with the effect of <u>Lucia</u> on the appointment of the OCC's ALJs and how the OCC's ALJs can be constitutionally appointed.

As was stated in the Vaughn Index, Attachment One is draft appointment language. A complete copy of the final version of the appointment document has been produced.

### B. <u>Secret Law</u>

Plaintiffs argue that Defendant is using the deliberative process privilege to protect its "secret" law. Plaintiffs argue that they believe that someone other than Mnunchin actually selected the OCC's ALJs and that Defendant is hiding this information behind the deliberative process privilege.[33]

There is a strong aversion to the nondisclosure of "secret" agency law. <u>N. L. R. B. v. Sears, Roebuck & Co.</u>, 421 U.S. 132, 153 (1975). Such nondisclosure is prevented by the "disclosure of all opinions and interpretations which embody the agency's effective

---

inquiry.

[33] <u>See</u> Doc. 12, Pls.' Mot. for Summ. J. pp. 10-11.

law and policy, and the withholding of all papers which reflect the agency's group thinking in the process of working out its policy and determining what its law shall be." Id. (internal quotation marks omitted).

Plaintiffs' argument is off point for two reasons. First, the produced portions of the October Memorandum clearly state that boards of the "Federal Banking Agencies") selected ALJs McNeil and Miserendino to be OFIA ALJs.[34] Prior to Lucia, the OCC used OFIA ALJs and had done so since the early 1990s.[35] On August 21, 2018, after Lucia, the Comptroller "issued an order re-affirming the OCC's decision to utilize the OFIA ALJs in OCC enforcement proceedings."[36] Finally, in the October Memorandum the OCC asks Mnunchin to sign Attachment One which would appoint the OFIA ALJs for the OCC and ratify the Comptroller's order.[37] It is undeniably clear from the October Memorandum that Mnunchin did not select the OCC ALJs. Thus, it is unclear how Defendant is hiding this "secret" law from Plaintiffs.

Secondly, the court's in camera review of the redacted documents did not reveal any withheld agency law or policy. As discussed above, Defendant's position on the appointment of the OCC

---

[34] See Doc. 7-3, Ex. C to Def.'s Mot. for Summ. J., Oct. Mem. p. 3.

[35] See id.

[36] Id. p. 3.

[37] See id. p. 3.

ALJs is clearly expressed in unredacted portions of the produced documents.

### C. Scrutiny of a Constitutional Issue

Plaintiffs argue that where the nature of the OCC's deliberations are at issue, the deliberative process privilege does not protect those deliberations. Specifically, Plaintiffs again argue that "[i]f the OCC, or some other agency, were really the ones who selected the ALJs, such appointments would violate the Constitution. The Appointments Clause entitles the public to know the details of those appointments."[38] As discussed above, the unredacted portions of the October Memorandum show the specific information that Plaintiffs argue is unavailable.

### D. Predecisional Documents

Plaintiffs argue that the withheld documents are not predecisional because they date from after ALJs McNeil and Miserendino were appointed as OFIA ALJs. In making this argument, Plaintiffs focus on the wrong decision. The withheld documents are not relevant to the original appointment of ALJs McNeil and Miserendino by the Federal Banking Agencies, or to the Comptroller's reaffirmation of the OCC's use of OFIA ALJs. Rather, the withheld documents are relevant to Mnuchin's decision to appoint the OFIA ALJs for the OCC and ratify the Comptroller's order. The October Memorandum and Attachment One were created

---

[38] See Doc. 12, Pl.'s Mot. for Summ. J. p. 11.

13

prior to Mnuchin's final decision. Accordingly, they are predecisional.

### E. Deliberative Documents

Plaintiffs argue that the withheld documents are not deliberative because the decision to appoint had already been made.

Again, the redacted portion of the October Memorandum is deliberative regarding Mnuchin's decision, not the Federal Banking Agencies' previously-made decision to select ALJs McNeil and Miserendino as OFIA ALJs.

Regarding Attachment One, "[d]raft documents in general are deemed deliberative 'because comparing them to final documents can disclose editorial judgments that reflect the agency decisionmaking process.'" Sensor Sys. Support, Inc. v. F.A.A., 851 F. Supp. 2d 321, 329 (D.N.H. 2012)(quoting Am. Fed'n of Gov't Emps. v. U.S. Dep't of Health & Human Servs., 63 F.Supp.2d 104, 108 (D.Mass.1999). Here, Attachment One is a draft version of the Ratification. Attachment One is substantially different from the Ratification, which was actually signed by Mnuchin. This clearly reflects the "give-and-take" of the consultative process. See Highland Capital Mgmt., LP, 2019 WL 4748270 at *16.

The court finds that the October Memorandum and Attachment One are predecisional and deliberative. Accordingly, they are protected by the deliberative process privilege. This conclusion is consistent with Fifth Circuit precedent. See e.g., Branch v.

Phillips Petroleum Co., 638 F.2d 873, 881–82 (5th Cir. 1981)(holding that the deliberative process privilege protected "internal working papers in which opinions are expressed, policies are formulated, and actions are recommended").

## F. **Overcoming the Deliberative Process Privilege**

Plaintiffs argue that even if the deliberative process privilege applies, it is a qualified privilege that is overcome in this instance.

The deliberative process privilege "is qualified and can be overcome 'by a sufficient showing of need.'" Harding v. County of Dallas, Texas, 3:15-CV-0131-D, 2016 WL 7426127, at *12 (N.D. Tex. Dec. 23, 2016)(citing In re Sealed Case, 121 F.3d 729, 737 (D.C. Cir. 1997)). In determining whether the deliberative process privilege should be overcome, the court must balance the competing interests and consider the following factors: (1) the relevance of the evidence; (2) the availability of other evidence; (3) the seriousness of the litigation; (4) the role of the government; and (5) the possibility of future timidity by government employees. Id.

Plaintiffs argue that the redacted information is highly important because it would show that Mnuchin did not really select the OFIA ALJS, but rather, they were selected by other agencies.[39] As discussed above, this information has already been disclosed in unredacted portions of the October Memorandum. With that

---

[39] See Doc. 12, Pls.' Mot. for Summ. J. p. 14.

15

consideration in mind, there is little "need," if any, for the production of the redacted portions of the October Memorandum and Attachment One. Accordingly, the court finds that there has not been a sufficient showing of need such that the deliberative process privilege should be overcome in this instance.

G.      **Constitutionality of the Deliberative Process Privilege**

Finally, Plaintiffs summarily argue that if the deliberative process privilege prevents disclosure of the October Memorandum and Attachment One, then it is unconstitutional because it deprives Plaintiffs of the opportunity to review the nature and timing of the government's appointments. In the unredacted portions of the produced documents, Plaintiffs have been made aware that: (1) the Federal Banking Agencies selected the OFIA ALJS; (2) the OCC had traditionally used the OFIA ALJs; (3) following Lucia, the Comptroller issued an order reaffirming the OCC's decision to utilize OFIA ALJS; (4) following the order, the Comptroller asked Mnunchin to appoint the OFIA ALJs for the OCC and ratify the Comptroller's order; and (5) Mnunchin signed the Ratification. Plaintiffs have been shown the process by which ALJs McNeil and Miserendino were appointed as OCC ALJs.[40] Thus, Plaintiffs have not been deprived of review of the nature and timing of the government's appointments. Accordingly, Plaintiffs'

---

[40] Whether this appointment process was constitutional is not an issue presently before the court and the court makes no finding on that issue.

unconstitutuional argument has no merit.

### IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' Motion for Summary Judgment be **GRANTED** and Plaintiffs' Motion for Summary Judgment be **DENIED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 20th day of December, 2019.

Nancy K. Johnson
United States Magistrate Judge